CATALPA REALTY CORPORATION, Plaintiff, *v.* " JOHN " FOLEY, Individually and as President of the International Union of Operating Engineers, Local 14, a Voluntary Association of More than Seven Persons, and JOHN SCHUBERT and THEODORE BAUMSTEAD, Defendants.

Supreme Court, Special Term, Queens County. November 7, 1940.

*Henry Kroll*, for the plaintiff.

*Robert J. Fitzsimmons*, for the defendants.

KADIEN, J. In this action brought to restrain the defendant union from interfering with the employment on plaintiff's job of any employees of Martin P. Carey, the plaintiff seeks a temporary injunction.

It appears that the delegate of the defendant union informed an officer of the plaintiff corporation that no engineer affiliated with the defendant union would be permitted to work on the excavating job until and unless the plaintiff entered into an agreement with the bricklayers' union to employ only men affiliated with it. The officer of the plaintiff corporation thereupon refused to sign such a contract to insure the erection of the brick work on the said job by union bricklayers.

I am of the opinion that this controversy is a labor dispute within the purview of section 876-a of the Civil Practice Act. Subdivision 2 of the said section provides that hearings upon an application for a temporary injunction " shall be held *only after* a verified complaint and a verified bill of particulars * * * have been served * * *." (Italics supplied.) The plaintiff has failed to comply with this subdivision.

Accordingly, the motion is denied without prejudice to a renewal thereof, if the plaintiff is so advised.